IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANDALL V. ROBERTS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 2:14–cv–1208
Crim. No. 2:12–cr–131
Judge Michael H. Watson
Magistrate Judge King

## ORDER

On November 23, 2015, the Magistrate Judge recommended that the *Motion to Vacate* (ECF No. 41) be dismissed. *Report and Recommendation* (ECF No. 59). Petitioner objects to that recommendation. *Objection* (ECF No. 62). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 62) is **OVERRULED**. The *Report and Recommendation* (ECF No. 59) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate* (ECF No. 41) is **DISMISSED**.

This case involves Petitioner's December 17, 2012, conviction pursuant to the terms of his *Plea Agreement* on charges of coercion and enticement of a minor to engage in unlawful sexual activity. Petitioner alleges in the *Motion to Vacate* that he is innocent, that he did not use a facility or means of interstate commerce to commit the crime, that he lacked criminal intent and that his use of a computer or telephone was not connected to the offense charged, that he was denied the effective assistance of counsel and was sentenced in violation of the *Plea Agreement*, that the government failed to disclose exculpatory evidence, that his recommended sentence under the advisory sentencing guidelines was improperly enhanced, that police acted unconstitutionally in obtaining and using his statements and other evidence, and that police acted

illegally and in bad faith in obtaining the search warrant in this case. The Magistrate Judge concluded that Petitioner's claims were either waived or without merit.

Petitioner objects to the Magistrate Judge's recommendation that his claim of ineffective assistance of counsel be dismissed on the merits. Petitioner maintains that his attorney was biased against him. He argues that his attorney performed in a constitutionally ineffective manner by failing to object to "a clear case of double counting" in his recommended sentence under the United States Sentencing Guidelines, *Objection* (PageID# 348), by failing to object to the imposition of certain conditions of supervised release after promising to do so; by failing to raise an issue regarding Petitioner's lack of knowledge of the victim's age; by failing to object to the omission of the word "alleged" during the prosecutor's statement of facts; by failing to object to the admission of photographs of the victim; and by failing to object to the government's violation of the terms of his *Plea Agreement*. Petitioner also alleges that his attorney misrepresented Petitioner's position in connection with his participation in treatment, misadvised him as to the elements of the offense charged and as to his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and rushed him into signing the *Plea Agreement*. But for these errors, Petitioner contends, he would not have entered a guilty plea.

The Court considers only those allegations of ineffective assistance of counsel that Petitioner raised in the *Motion to Vacate*. As to those claims, Petitioner's arguments are unpersuasive and the transcript of Petitioner's guilty plea hearing and the *Plea Agreement* refute Petitioner's allegations. Petitioner admitted his guilt to the offense, and the record establishes a knowing, intelligent and voluntary guilty plea. The record fails to reflect that his attorney should have secured, but failed to secure, any exculpatory material. The record does not support Petitioner's claim that the government violated the terms of the *Plea Agreement*. Further, it does

not appear that the government would have been unable to establish the charge against him.

Upon review of this record, the Court concludes that Petitioner has failed to establish that, but for the ineffective performance of his attorney, he would not have entered a guilty plea and would have proceeded to trial. *See Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

For these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation* (ECF No. 59), Petitioner's *Objection* (ECF No. 62) is **OVERRULED.** The *Report and Recommendation* (ECF No. 59) is **ADOPTED** and **AFFIRMED.** The *Motion to Vacate* (ECF No. 41) is **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*  1/6/16
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

3